GREGG v. McMILLAN.

WILLS—REVOCATION OF.—A devise of a tract of land is not revoked by conveyance of it to devisee by testator, reconveyance to testator for stated consideration, and conveyance to devisee by testator of other real property for same consideration.

Before BENET, J., Marion, August, 1898. Affirmed.

Action for possession of land by Elizabeth G. Gregg and W. C. Gregg *v.* S. E. McMillan and M. I. McMillan, executors of W. C. McMillan. From order sustaining demurrer to answer, defendants appeal.

*Messrs. Johnson & Johnson* and *W. J. Montgomery,* for appellants, cite: *On main question:* 15 S. C., 337; 39 S. C., 21; 18 S. C., 94; 50 S. C., 95.

*Mr. Fred. D. Bryant,* contra, cites: *On main question:* Rev. Stat., 1993, 1988; 15 S. C., 354; 31 S. C., 412; 2 Strob.

Eq., 272; 13 S. C., 527; 14 S. C., 474. *Defendants having alleged nothing which amounts to revocation, the answer is subject to demurrer:* Code, 174.

March 14, 1899. The opinion of the Court was delivered by

MR. JUSTICE POPE. The contention underlying this appeal is bottomed upon a demurrer by the plaintiffs to the answer of the defendants (wherein it was set up that certain facts operated as a revocation of the second clause of the last will and testament of W. C. McMillan, deceased, which devised a certain tract of land of ninety-eight acres to the plaintiffs), because it did not state facts sufficient to constitute a defense to plaintiffs' cause of action. Judge Benet sustained the demurrer to the answer. From this judgment the defendants now appeal on three grounds as follows, to wit: First. Because his Honor, Judge Benet, erred in holding that the conveyances made by Elizabeth G. Gregg and W. C. McMillan, respectively, did not operate as a partial revocation of the will of W. C. McMillan. Second. Because his Honor, W. C. Benet, erred in sustaining the demurrer to the amended answer of M. I. McMillan. Third. Because his Honor, W. C. Benet, erred in deciding the ninety-eight acres of land passed under the will of W. C. McMillan, executed in 1876. The complaint alleged that W. C. McMillan departed this life *testate* in the year 1889, and that the defendants have qualified as executors of his will. That the said will by its second clause devised a tract of land of ninety-eight acres to the plaintiffs, but that the defendants retain possession of said lands so devised, with the rents and profits. The amended answer of defendants admits the death and testacy of W. C. McMillan, and that they have assumed the duties of their office as executors, and that by the terms of the second clause of the will of their testator, the ninety-eight acres of land was devised to the plaintiffs, but they deny that such devise was operative at the death of their testator, because they say that the will of their testator bore

date in the year 1876, and they say that in the year 1878, their testator conveyed 'said ninety-eight acres of land to the plaintiff, Elizabeth G. Gregg, and that she occupied the same until the year 1882, at which time, having been deserted by her husband, who bore away with him their only child (the coplaintiff, W. C. Gregg), the said Elizabeth G. Gregg, by importunings the most earnest, procured her brother, W. C. McMillan, to exchange the ninety-eight acres of land owned by her for the Potter house in Marion (town), which exchange was consummated by a deed from Elizabeth G. Gregg to W. C. McMillan of the ninety-eight acre tract, and a deed from W. C. McMillan to Elizabeth G. Gregg for the Potter house and lot in the town of Marion—consideration was the same in each of said deeds. That each of the said William C. and Elizabeth G. entered into the exclusive possession of the lands covered by the deeds to them respectively. And the defendants allege that these transactions amounted to a revocation of the second clause of said will of W. C. McMillan.

It will be observed that the grounds of appeal all radiate from one centre, and that the alleged cancellation or revocation of the second clause of W. C. McMillan's will. This matter of the revocation of wills by either a change of the property itself, or the change in the relation of the testator to such property during the period of time embraced between the date of the will and the death of the testator, is very admirably discussed in the opinion of Mr. Justice McIver, in *Allen* v. *Allen*, 13 S. C., at page 525, *et seq.* During that consideration of these matters he said: "It would seem that, upon the same principles, a devise of real estate ought likewise to be adeemed (if such a term can, with any propriety, be applied to devises) by subsequent payments to the devisee with the intention of producing that result; but it is conceded that the doctrine of ademption has never been applied to devises of real estate, and, in the absence of any authority, we do not feel justified in disregarding the well established line, which has for ages been drawn

between real and personal estate, even though we may be thereby compelled to thwart the obvious intention of the testator, and disturb that disposition of his property which he thought was proper and just to his descendants. For while the intention of the testator is the cardinal rule of construction of a will, yet such intention cannot be given effect when it is in conflict with the rules of law. A devise of real estate cannot, like a pecuniary legacy, be affected by any subsequent transactions between the testator and the devisee, but must stand until it is revoked or altered in the manner prescribed by law." Our act of assembly, passed in the year 1858 (see 12 Stat. at Large, 597), set at rest any question as to the effect of the sale of land by the testator, and reacquiring the same between the date of his will and his death, by declaring that the devise of such land should be in full operation. It seems to us that section 1993 of our Civil Statutes, at page 687, has a controlling effect here. The language of that section is: "No will or testament, in writing, of any real or personal property, *or any clause thereof,* shall be revokable but by some other will or codicil in writing or other writing declaring the same, attested or subsubscribed by three witnesses as aforesaid, or by destroying or oblitering the same by the testator himself, or some other person in his presence and by his directions and consent." Inasmuch as, under our statutes, real estate, acquired after the date of the will, shall be subject to the devises in the will, the devise to the plaintiff is sustained; and having seen that the devise of land must stand until revoked or altered in the manner prescribed by law, the allegations of fact in the answer are not sufficient to constitute a defense, and, hence, it was not error on the part of Judge Benet to sustain the same.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and the action be remanded to the Circuit Court to enforce this judgment.